IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN FELDER** | ) | **CASE NO. 1:25 CV 00123** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **OHIO DEPARTMENT OF** | ) | |
| **REHABILITATION AND CORRECTION** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**I. Introduction**

*Pro se* plaintiff Kevin Felder filed this *in forma pauperis* action, presumably under 42 U.S.C. §1983, against the Ohio Department of Rehabilitation and Correction ("ODRC"). (Doc. No. 1). In the Civil Cover Sheet attached to his complaint, Plaintiff alleges "errors in administration" as his cause of action. (Doc. No. 1-1). In his brief complaint, Plaintiff appears to allege that Defendant made an error on his release date. He claims that he prepared to leave confinement by giving away his property and informing his family, but when "APA arrived, they [canceled] my release because of legislature the prison was not aware of due to an error [in] misreading memos." (Doc. No. 1 at 3). He claims this error caused him embarrassment and emotional pain and anguish. And for relief, he requests "$500.000."

**II. Standard of Review**

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants that application.

*Pro se* pleadings are liberally construed. Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.

1998).

**III. Discussion**

As an initial matter, the complaint consists only of bare, conclusory assertions, providing no facts upon which a court could find Defendant engaged in any wrongdoing.

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (District courts are not required to conjure up questions never squarely presented to them or to construct full claims from sentence fragments. To do so would "require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.") (citation omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, Plaintiff's complaint, even liberally construed, fails to meet the most basic pleading standard, as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is almost completely devoid of facts. Additionally, the complaint fails to assert a cognizable claim within the jurisdiction of this Court based on recognized legal authority, and the Court finds there is no cause of action readily identifiable in the complaint. Plaintiff's pleading, rather, is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint therefore fails to meet the minimum pleading requirements of Rule 8 and must be dismissed on this basis.

Moreover, even if Plaintiff satisfied Rule 8 pleading requirements, to the extent Plaintiff is asserting claims pursuant to 42 U.S.C. § 1983, Plaintiff's claims fail. The ODRC is an agency of the State of Ohio and is immune from suit pursuant to the Eleventh Amendment, unless the State of Ohio has waived its sovereign immunity or consented to be sued in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Congress did not intend that Section 1983 abrogate the State of Ohio's Eleventh Amendment immunity, and the State of Ohio has not waived that immunity to suit in federal court. *See id.* at 66-67; *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Accordingly, the ODRC is immune from suit. Plaintiff therefore fails to state a plausible civil rights claim against the ODRC upon which relief may be granted.

Furthermore, although Plaintiff lists "Lorain Correctional staff, Warden, ... correctional officers and supervisors" as additional defendants in the "Parties" section of the complaint, he fails to state a claim for relief regarding these purported defendants. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved

in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). "Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Here, Plaintiff does not set forth any allegations specifically connecting any of the remaining defendants to the purported constitutional violations. Plaintiff therefore fails to state a plausible civil rights claim against these individuals.

## IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

**IT IS SO ORDERED**.

/s/ *Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: March 20, 2025